UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLA A. SANTOS and
LAWRENCE E. SANTOS,

       Plaintiffs,

v.

FARMERS INSURANCE EXCHANGE,
a foreign corporation, and ARRON PIETEILA
and SARAH PIETILA d/b/a Arron & Sarah
Pietila Agency,

       Defendants.
_____/

CASE NO. 07-11229
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on march 17, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Farmers Insurance Exchange's (Farmers) Motion to Strike Plaintiffs' Witness List [dkt. #42]. Plaintiffs responded on March 4, 2008, and the Court GRANTS Plaintiffs' Motion to Accept their Response *Instanter* [dkt. #47]. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Farmers' motion is DENIED.

**II. BACKGROUND**

This case involves a breach of an insurance contract following Plaintiff Marla Santos's car

accident. The Court held a scheduling conference in this case on October 4, 2007, and issued a Scheduling Order requiring the parties to exchange witness lists by February 1, 2008. The Scheduling Order also set a discovery cut-off date of February 15, 2008.

Prior to the Court's scheduling conference, the Court instructed the parties to "collaborate in formulating a case summary," summarizing the parties' claims and defenses, and listing "[e]xpected witnesses." *See* Dkt. #6. Farmers, along with its Co-defendants in this case, filed a case summary on September 25, 2007. Plaintiffs' counsel, however, did not collaborate with Farmers or the Co-defendants in preparing the case summary. Consequently, the case summary did not list any expected witnesses for Plaintiffs. Nevertheless, Farmers did not raise counsel's lack of participation with the Court at the scheduling conference or at any time during the intervening five months. On February 1, Plaintiffs filed a witness list in compliance with the Court's Scheduling Order that listed forty-two witnesses for trial. Later that day, Plaintiffs filed an amended witness list that listed forty-four witnesses.

The current motion arises from Plaintiffs' counsel's failure to collaborate in formulating a case summary. Farmers states that as a result of counsel's failure to collaborate in preparing the case summary, Farmers did not know the identities of Plaintiffs' witnesses until they filed their witness list on February 1. Farmers claims it has been prejudiced by this lack of notice in that it was not able to conduct discovery with respect to many of the witnesses included on Plaintiffs' list. Therefore, Farmers requests that the Court strike Plaintiffs' witness list as sanctions under Fed. R. Civ. P. 16(f) for counsel's failure to participate in formulating the case summary.

### III. DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure governs pretrial conferences and orders. The

2

purpose of the rule is "to promote familiarity with the issues actually involved in the lawsuit 'so that parties can accurately appraise their cases and substantially reduce the danger of surprise at trial.'" *Clarksville-Montgomery Cty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991) (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522, at 218 (2d ed. 1990)). As a means of furthering its goals and strengthening the court's ability to manage the case through the entire pretrial phase, Rule 16 permits the court to sanction parties for failing to comply with its orders issued pursuant to the rule. *See* Fed. R. Civ. P. 16(f). Under Rule 16(f)(1) the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Although the rule provides the court with broad discretion, the court still must "design the sanctions to fit the violation." Wright, Miller & Kane, *supra*, § 1531, at 308.

Farmers argues that the Court should strike Plaintiffs' witness list pursuant to Rule 16(f)(1) based on their attorney's failure to collaborate with Farmers in preparing a case summary for the Court prior to the scheduling conference on October 4, 2007. Counsel's failure to collaborate in formulating a case summary, although contrary to the Court's instructions in its Notice of Scheduling Conference, does not warrant the severe sanction of striking Plaintiffs' witness list. *See id.* While Farmers claims it could not conduct discovery with respect to all of the witnesses contained in Plaintiffs' amended witness list as a result of counsel's failure to collaborate, it fails to recognize that virtually all of Plaintiffs' witnesses had been disclosed through the normal course of discovery. What Farmers is complaining about, then, is not unfair surprise, but the fact that

3

Plaintiffs did not provide a complete witness list before the Court's initial scheduling conference. The objectives and procedures of Rule 16 may facilitate discovery, but are not a substitute for it. *See id.* § 1528, at 293.

With few exceptions, Farmers was aware of all of Plaintiffs' potential witnesses well in advance of the date for submitting witness lists, and could have deposed any or all of the potential witnesses it wished.[1] Similarly, even though Plaintiffs' witness list was filed two weeks before the discovery cut-off date set in the Court's Scheduling Order, Farmers chose to file the present motion rather than attempt to conduct depositions, request an extension of discovery, or seek leave to conduct depositions outside of the discovery deadline. These circumstances, in conjunction with the fact that Farmers did not raise this issue either at the time of the scheduling conference or in the intervening five months, suggest that Farmers has not been prejudiced by counsel's failure to participate in drafting the case summary. *See Roberts v. Galen of Virginia*, 325 F.3d 776, 783 (6th Cir. 2003) (considering the defendant's failure to make certain disclosures substantially harmless where the plaintiff was aware of the lack of disclosures and waited for five months before raising an objection or moving to compel disclosure). This by no means excuses counsel's behavior, but the Court declines to grant Farmers' requested relief when doing so would be tantamount to a default judgment in its favor. *See, e.g.*, *Blackwell v. Amchem Prod., Inc.*, 108 F.R.D. 287, 289 (S.D. Ga. 1985) (declining to strike the defendant's witness list where the defendant completely failed to participate in the court's Rule 16 pretrial conference or submit a witness list prior to trial).

---

[1] Of the forty-four witnesses listed in Plaintiffs' amended list, seven are parties or representatives of parties, eleven are treating physicians, eleven are Plaintiffs' relatives or family friends, and four are custodians of records. Thus, the evidence to be obtained from the vast majority of these witnesses is either already known to Farmers, cumulative and subject to the Court's authority under Fed. R. Evid. 403, or can be dealt with by stipulation of the parties.

Therefore, the Court denies Farmers' Motion to Strike Plaintiffs' Witness List. However, if Farmers finds it necessary to conduct additional discovery or depositions, it should file a motion with the Court for immediate consideration, and the Court will take appropriate action.

## IV. CONCLUSION

Based on the foregoing discussion,

IT IS ORDERED that Farmers' Motion to Strike Plaintiffs' Witness List is DENIED.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: March 17, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 17, 2008.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290