# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARLA A. SANTOS and
LAWRENCE E. SANTOS,

       Plaintiffs,                      CASE NO. 07-11229
                                       HON. LAWRENCE P. ZATKOFF

v.

FARMERS INSURANCE EXCHANGE,
a foreign corporation, and ARRON PIETEILA
d/b/a Arron & Sarah Pietila Agency,

       Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 24, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Aaron Pietelia's Motion in Limine [dkt. #49]. Although the Court has granted summary judgment in favor of Defendant Pietelia, Defendant Farmers Insurance Exchange (Farmers) joined his Motion in Limine and adopted his arguments as its own.[1] Plaintiffs have responded to this motion. Therefore, this motion is still before the Court and is ripe for disposition. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion

---

[1]For clarity, the Court will refer to the present motion as if it had been filed by Farmers in the first instance.

be resolved on the briefs submitted. For the following reasons, the Court denies Farmers' motion.

## II. DISCUSSION

In the present motion, Farmers argues that Plaintiffs should be precluded from presenting evidence at trial of damages that exceed the amount of damages Plaintiffs claimed in their 2003 arbitration summary. Farmers relies on Fed. R. Civ. P. 26(a)(1)(A)(iii) and Fed. R. Civ. P. 37(c)(1) and contends that aside from the damages disclosed and sought in connection with the 2003 arbitration, Plaintiffs failed to disclose their computation of damages in this case along with the evidentiary basis for such calculations as required by Rule 26(a)(1)(A)(iii). As such, Farmers asserts that Plaintiffs should be precluded from presenting evidence of damages as a sanction under Rule 37(c)(1). In response, Plaintiffs claim (1) that the parties waived Rule 26(a)'s requirements; (2) that Farmers never requested a calculation of damages; (3) that the calculation of damages in this case was protected by the work-product doctrine; and (4) that any failure to disclose was harmless.

Rule 26(a)(1)(A)(iii) provides that

> a party must, without awaiting a discovery request, provide to the other parties: ... a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered ....

Fed. R. Civ. P. 26(a)(1)(A)(iii). "A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting Fed. R. Civ. P. 37(c)(1)). Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Virginia, Inc.*,

2

325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)). The party opposing sanctions has the burden of proving the harmlessness of any discovery violation. *Id.*

There is no dispute that Plaintiffs neither disclosed a computation of each category of damages claimed nor the evidentiary basis for said damages. Moreover, Plaintiffs' failure to comply was not substantially justified. Nevertheless, the Court finds that any non-compliance in this case was harmless with respect to Farmers.

Plaintiffs' complaint in this case put Farmers on notice that Plaintiffs claimed as damages for the alleged breach of the umbrella policy the policy's limits, or $1,000,000. *See Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004). Additionally, Farmers has been a party to Plaintiffs' claim since its inception in 2001 and, as such, is intimately familiar with all of Plaintiffs' claimed damages, categories of damages, and evidentiary support thereof. *See, e.g.*, *Williams v. Trader Publ'g Co.*, 218 F.3d 481, 487 (5th Cir. 2000); *In re Olson*, 11 Fed. Appx. 867, 869-70 (9th Cir. 2001). Furthermore, having participated in the arbitration proceeding with Plaintiffs in 2003 and reviewed their arbitration summary, Farmers has been adequately apprised of Plaintiffs' methods for calculating damages. *See, e.g.*, *Williams*, 218 F.3d at 487; *Olson*, 11 Fed. Appx. at 869-70. As a result, Farmers cannot claim that it will be unfairly surprised by evidence of Plaintiffs' damages. Indeed, Plaintiffs primarily seek non-economic damages based on pain and suffering, which are generally not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii). *See Williams*, 218 F.3d at 486 n.3; *see also Estate of Gonzalez v. Hickman*, No. 05-00660, 2007 WL 3237635, at *4 (C.D. Cal. June 28, 2007) (collecting cases). Finally, while the fact that Farmers did not file a motion to compel does not excuse

Plaintiffs' failure to make their required disclosures, the Court finds it supports Plaintiffs' contention that the failure was harmless. *See Clayman*, 343 F. Supp. 2d at 1047. Accordingly, Farmers' Motion in Limine will be denied.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Farmers' Motion in Limine is DENIED.

IT IS SO ORDERED.

          S/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated: July 24, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 24, 2008.

          S/Marie E. Verlinde
          Case Manager
          (810) 984-3290