**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARLA A. SANTOS and
LAWRENCE E. SANTOS,

        Plaintiffs,                      CASE NO. 07-11229
                                                  HON. LAWRENCE P. ZATKOFF
v.

FARMERS INSURANCE EXCHANGE,
a foreign corporation, and ARRON PIETEILA
d/b/a Arron & Sarah Pietila Agency,

        Defendants.
_____/

**ORDER DENYING FARMERS'
MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant Farmers Insurance Exchange's (Farmers) Motion for Reconsideration [dkt. #87]. On July 24, 2008, the Court issued an Opinion and Order denying Farmers' Second Motion for Summary Judgment as to Plaintiffs' misrepresentation claim against Farmers. To succeed on the current motion, Farmers must demonstrate a "palpable defect by which the court and the parties have been misled" and that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). Furthermore, "the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

In support of its motion, Farmers argues that the Court erred in denying its dispositive motion on the issue of misrepresentation because Plaintiffs were obligated to read the umbrella policy and, therefore, could not have reasonably relied on any misrepresentations made by Farmers or its agents. Farmers relies on *Zaremba Equip., Inc. v. Harco Nat'l Ins. Co.*, No. 274745 (Mich.

Ct. App. July 31, 2008), which stands for the proposition that there can be no fraud where a person has the means to determine that a representation is not true.

The Court is not persuaded that the *Zaremba* opinion renders its prior decision erroneous. The court in *Zaremba* restated the general rules, as recognized in this Court's July 24 Opinion and Order, that ordinarily an insured is charged with knowledge of the terms of his policy, *see Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 283 (Mich. Ct. App. 2006), and that a person cannot establish reasonable reliance on a misrepresentation where the person possesses the means with which to assess the accuracy of that representation, *see Nieves v. Bell Indus. Inc.*, 517 N.W.2d 235, 238 (Mich. Ct. App. 1994). However, as before, Farmers fails to recognize that these general rules are qualified by the absence of fraud. *See Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 42 n.82 (Mich. 2005) ("This Court has historically held an insured to have knowledge of the contents of the policy, *in the absence of fraud*, even though the insured did not read it."); *Schuler v. Am. Motors Sales Corp.*, 197 N.W.2d 493, 495 (Mich. Ct. App. 1972) ("There is no fraud where means of knowledge are open to the plaintiff *and the degree of their utilization is circumscribed in no respect by defendant*."). Consequently, the *Zaremba* opinion merely presents the same issues ruled upon by the Court in its July 24 Opinion and Order. Accordingly, Farmers' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

                                                                 S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2008

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 12, 2008.

                                    S/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290